## WELLS *v.* JONES.

1. Where a party to a suit pending in the superior court desires, under provisions of the Civil Code, §§ 5910, 5911, to take the depositions of a witness residing in a different county, he may take the depositions in the county of the residence of the witness, before a commissioner of that county.
2. The verdict was authorized by the evidence.

OCTOBER 13, 1915.

Complaint. Before Judge Jones. Banks superior court. November 21, 1914.

*C. R. Faulkner* and *John J. & Roy M. Strickland,* for plaintiff in error. *J. C. Edwards & Sons,* contra.

ATKINSON, J. The exception is to the refusal to grant a new trial. The case is that of a physician residing in Fulton county suing a man in Banks county for professional services rendered to his daughter. The defendant averred in his plea that his daughter was an adult, denied that he had employed the physician, and alleged that the services rendered were unskillful. The verdict was for the plaintiff.

1. One ground of the motion for new trial complains of the admission in evidence of the depositions of certain witnesses residing in Fulton county, taken before the commissioner of Fulton county after notice to the defendant's counsel. The grounds of objection urged to the admission of the evidence were: (*a*) There was no evidence to show the person acting as commissioner was commissioner of Fulton county. (*b*) The person acting as commissioner "is not a commissioner of Banks county, but . . is a commissioner of Fulton county," and there is no authority of law for taking depositions before a commissioner appointed by the superior court of Fulton county, to be used in a case pending in the courts of Banks county. This objection was predicated on the contention that upon a proper construction of Civil Code §§ 5910, 5911, under which the depositions were taken, a commissioner of one county could not take depositions to be used in cases pending in the courts in another county. The first objection was not urged in the brief of counsel for the plaintiff in error, and will be treated as abandoned. The second objection was relied on for reversal. Civil Code § 5910 is as follows: "In all counties of this State, either party litigant in any court of record in any such county may, without any order or commission, take the deposition of any witness or witnesses in said

case, whether resident in the county or not, upon giving the opposite party five days notice of the time and place, with the names of the witnesses; provided, that the commissioner before whom the evidence under this section is to be taken shall have power, on notice being given to the opposite party or his attorney, or on subpœna duces tecum being served five days previously to the hearing, to require any witness or party to produce, at the hearing, books, writings, and other documents in his possession, power, custody, or control. Any witness or party refusing to produce, appear, or answer, without legal excuse, shall be guilty of contempt; and upon certification of said act by the commissioner to the judge in whose court the case is pending, the judge shall punish the same as though committed before him." Section 5911 is as follows: "Such depositions shall be taken before any commissioner appointed by the judge of the superior court of said county for the purpose of taking such depositions, and the appointment entered on the minutes; or, in case of failure to appoint or there is a vacancy in the office of commissioner, the clerk of the superior court is hereby authorized as an ex-officio commissioner to take such depositions. All witnesses shall be examined in the county of their residence, and before the commissioner or ex-officio commissioner of such county." Section 5915 is as follows: "When the return shall have been made up and signed as provided in the preceding sections, the same shall be, together with evidence of the service of the notice, sealed up and directed to the clerk of the court where the case is pending, and may be delivered either by the commissioner to such clerk in person, or sent by the hand of any other person; and the clerk is hereby authorized, whether the court be in session or not, to administer the usual oath, and enter the same on the package, with leave to open, as practiced in this State (as to interrogatories), and the package may be thereupon opened and published without further delay." In the brief of counsel for the plaintiff in error there is a discussion of the history of the above legislation; but we fail to see that it solves the question. It will be perceived that section 5910 provides for the taking of depositions of witnesses, "whether resident in the county or not," in which the suit is pending. This shows that the legislature contemplated provisions for taking depositions in instances where the venue of the suit and residences of the witnesses were in the same county, as well as when they were in different counties.

The legislation deals with a plurality of counties. When this is followed by the language of the next succeeding section, to the effect that the depositions must be taken before a commissioner appointed by the judge of the superior court of "said county," the words "said county" are ambiguous; and when the statute is applied to cases like the present, it is not clear whether they refer to the county where the suit is pending or that in which the witnesses reside. The words might apply with equal force to either county. There is no ambiguity in the words of the concluding sentence of section 5911, to wit: "All witnesses shall be examined in the county of their residence, and before the commissioner or ex-officio commissioner of such county." Under this clause, a witness residing in a different county from that in which the suit is pending may be examined before the commissioner of the county of his residence, if there is one, or, if none, then before the clerk of the superior court of the county of his residence, who is made ex-officio commissioner. This, in effect, denotes a legislative intent contrary to the contention of the plaintiff in error, and is controlling. It might be suggested that the ex-officio commissioner referred to in the statute contemplates the clerk of the superior court in the county where the suit is pending; but the statute does not so indicate, and especially when considered in connection with the provisions of the Civil Code, § 5915, which require the return by the commissioner to be made to the clerk of the court in which the action is pending. The argument of convenience also opposes the construction contended for by the plaintiff in error. It would be unusual for the clerk of the trial court to leave his office to go off to another county to act as ex-officio commissioner to take depositions; and if he or a commissioner appointed in the county where the suit was pending should be required to go into other counties, the expense and inconvenience might be such as would deter the party from seeking the evidence. It is not probable that the legislature intended such result.

2. The only other question raised by the bill of exceptions and argued in brief of counsel for the plaintiff in error was upon the sufficiency of the evidence to support the verdict. It was mainly contended that there was no evidence to show that defendant employed the physician to attend his daughter. On this question the evidence, though conflicting, was sufficient to show such employ-

ment. On other phases of the case there were also conflicts of evidence; but the verdict rendered was authorized.

*Judgment affirmed. All the Justices concur.*